UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
XP INC. and XP INVESTIMENTOS CCTVM S.A.,         :
:
                     Plaintiff,             :
:
        -v-                            :   25 Civ. 5564 (JPC)
:
GRIZZLY RESEARCH LLC and SIEGFRIED G.             :            ORDER
EGGERT,                                           :
:
                     Defendants.            :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    On July 7, 2025, Plaintiffs initiated this action invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. ¶ 15 ("This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is an action between citizens of one or more States and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs."). The Complaint alleges that XP Inc. is incorporated under the laws of the Cayman Islands, with its principal office in the Cayman Islands, and that XP Investimentos is incorporated under the laws of Brazil with its principal office in Brazil. *Id.* ¶¶ 9-10. It further alleges that Grizzly Research LLC ("Grizzly") is incorporated under the laws of the state of Delaware, and that Siegfried G. Eggert "resides in New York, New York." *Id.* ¶¶ 11-12. Grizzly's Rule 7.1 Statement asserts that "Eggert is the sole member of Grizzly Research LLC. He is a German citizen and U.S. resident in the state of New York." Dkt. 18 at 2.

    For the purposes of establishing diversity jurisdiction, a limited liability company is a citizen of each state in which its individual members are citizens. *See Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 122 (2d Cir. 2013). In relevant part, this Court has diversity jurisdiction when the action is between "citizens of a State and citizens or subjects of a

foreign state," or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2)-(3). "However, diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Thus, "the presence of aliens on two sides of a case destroys diversity jurisdiction." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980). Moreover, a foreign citizen who resides in, and is a permanent resident of, the United States is "an alien for the purposes of diversity jurisdiction." *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam).

Accordingly, by August 11, 2025, Plaintiffs are ordered to show cause why the Court may properly exercise diversity jurisdiction over this action.

SO ORDERED.

Dated: July 28, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge